IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PERRI VOGE,

                Petitioner,                         ORDER

      v.                                           10-cv-0023-bbc

GERALD FOX,
Jackson County District Attorney,

                Respondent.

---

Perri Voge has filed an application for a writ of habeas corpus. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner has been charged in the Circuit Court for Jackson County with eight counts of failure to pay child support. State court records available electronically show that trial is scheduled for February 26, 2010. Wisconsin Circuit Court Access, http://wcca.wicourts.gov (search Jackson County case 2007CF0133). In his petition, petitioner alleges that he was held in custody for six months without an initial appearance, was extradited from Oklahoma without a trial, the district attorney "stacked" the charges against him, the circuit judge should have recused himself and the court set excessive bail requirements. Although petitioner spent time in jail after his arrest, he is now out on bail.

28 U.S.C. § 2254 is limited to persons in custody pursuant to the judgment of a state court. Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000). Because petitioner has not yet been tried and therefore is not in custody under the judgment of a state court, his petition is governed by 28 U.S.C. § 2241, the general habeas corpus statute. Under § 2241, a court may grant federal habeas relief to a prisoner if he "is in custody in violation of the Constitution or laws or treaties of the United States." Although petitioner has not been convicted and has been released on bail, the Supreme Court has held that the constraints imposed by bail conditions are sufficiently restrictive to amount to "custody" within the meaning of the habeas corpus statute. Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, California, 411 U.S. 345, 349 (1973). Nonetheless, petitioner does not appear to be contending that any of the restrictions currently placed upon him are unconstitutional. Instead, he appears to be complaining about various procedural irregularities that occurred in his case before he was released on bail.

I have serious doubt whether any of these alleged procedural irregularities rises to the level of violating petitioner's constitutional rights, whether considered individually or as a group. It is unnecessary to dwell on that question, however, because even assuming that petitioner has stated a constitutional claim, federal courts are reluctant to exercise jurisdiction over a petition filed by a person free on bail pending trial who has not yet exhausted his state court remedies. Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979). See also Hensley, 411 U.S. at 349 ("Where a state defendant is released on bail or on his

own recognizance pending trial or pending appeal, he must still contend with the requirements of the exhaustion doctrine if he seeks habeas corpus relief in the federal courts."). In general, federal courts abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. Stroman Realty, Inc., v. Martinez, 505 F.3d 658, 662 (7th Cir. 2007). See also Younger v. Harris, 401 U.S. 37, 43 (1971). Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims and only after the petitioner has exhausted state court remedies. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-92 (1973); Younger, 401 U.S. at 49; Stroman Realty, Inc., 505 F.3d at 662; Neville, 611 F.2d at 675.

In this case, petitioner does not contend that his state court prosecution is in violation of his constitutional right to be protected against being put in jeopardy more than once or that the state has refused to provide him with a speedy trial. Moreover, although it appears from the petition that petitioner may have raised some of his claims in the trial court proceedings, he has not presented any of his claims to the state appellate courts, as he must do in order to exhaust his state court remedies. Finally, he alleges no exceptional circumstances that would justify this court's interference in a pending state court criminal case. Under these circumstances, this court must abstain from entertaining the petition.

ORDER

IT IS ORDERED that the petition of Perri Voge for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies.

Entered this 2nd day of February, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge